UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY NO. 17-10266 |
| VICTOR HUGO TAMAYO and | ) | |
| MARIA TAMAYO, | ) | CHAPTER 13 |

**LAURA G. GUERRA D/B/A CARDENAS AUTO SALES'
MOTION TO ANNUL AUTOMATIC STAY AND FOR
RELIEF FROM AUTOMATIC STAY WITH REGARD TO ONGOING LITIGATION**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule. Represented parties should act through their attorney.**

**There will be a hearing on this matter on August 8th, 2019 at 1:30 PM in courtroom 5 (3rd Floor), United States Courthouse, 600 East Harrison, Brownsville, Texas.**

TO THE HONORABLE JUDGE OF SAID COURT:

Laura A. Guerra d/b/a Cardenas Auto Sales, a party in interest in this case, moves the Court to annul the automatic stay as to certain ongoing litigation and to lift the automatic stay to permit such litigation to continue, and would respectfully show the Court as follows:

1. <u>Jurisdiction</u>.   The Court has jurisdiction pursuant to 28 USC §1334.   This Motion is a core proceeding as defined in 28 USC §157.   The Bankruptcy Court has authority to enter a final order on this Motion.

2. <u>Parties</u>.   Movant is Laura A. Guerra d/b/a Cardenas Auto Sales.   The respondents are the Debtors, Victor Hugo Tamayo and Maria Tamayo and the Chapter 13 Trustee, Cindy

Boudloche.

3. <u>Preliminary Statement</u>.  Movant would show the Court that Movant was the Defendant in the initial litigation which was pending pre-petition and that Movant had sought and filed a Petition for a Bill of Review in relation to said litigation.  Movant's initial posture in the litigation was as a Defendant, and Movant has not sought any affirmative relief against the Debtor.  Movant's designation as the Plaintiff in the Bill of Review case is a procedural matter and does not change Movant's posture as the party defending the litigation.  As a result, Movant contends that it has not maintained litigation against the Debtor and has not violated the automatic stay.  In addition, Defendant did not timely inform Movant, Movant's attorney, or the trial court hearing the Bill of Review proceeding of the pendency of this Bankruptcy.  However, out of respect for this Court and out of an abundance of caution, Movant seeks the relief requested in this Motion.

## FACTS

4. On January 11, 2006,  Plaintiff sued Movant for violations of the Texas Deceptive Trade Practices Act in connection with the purchase and sale of a car bought "AS IS" in Cause No. 2006-CCL-0053-B styled Victor Hugo Tamayo v. Laura A. Guerra d/b/a Cardenas Auto Sales, filed in the County Court at Law No. 2, Cameron County, Texas (hereafter the "DTPA case.")

5. On September 16, 2015, the DTPA case was finally tried in a bench trial before a visiting judge.  Movant was not present at the trial.  Her uncle, Juan Fernando Cardenas, appeared and requested a continuance (her uncle manages Cardenas Auto Sales but is not a lawyer.)  The continuance was denied, and the case proceeded to trial.

6. The day after the trial, Movant submitted her proposed take-nothing judgment to the Court in the manner provided by the e-filing rules adopted by the Texas Supreme Court. Debtor's attorney was notified of the filing of the proposed judgment;

7. Debtor's attorney in the underlying DTPA case submitted a proposed judgment to Perla Diaz, the Court coordinator by email, without copying Movant or anybody else. The proposed judgment was also not filed through the Court's E-filing system as required by the e-filing rules adopted by the Texas Supreme Court. Therefore, Movant was not aware Debtor had filed a proposed judgment.

8. The visiting judge signed the final order submitted by Debtor's counsel on or about January 12, 2016. A copy of the judgment is attached as Exhibit "1." The judgment contains a stamp indicating that it was received by the Cameron Count Clerk on January 26, 2019, fourteen days after it was signed. Under the Texas Rules of Civil Procedure, all post judgment deadlines begin to run on the date the judgment is signed.

9. Movant never received a copy of the judgment, and therefore all appellate deadlines passed without Movant having an opportunity to file a motion for new trial, a motion to vacate, or an appeal of the signed judgment.

10. Debtors filed this Bankruptcy Case on July 7, 2017. They did not disclose the judgment in Cause No. 2006-CCL-0053-B on their Bankruptcy Schedules.

10. Upon learning of the judgment, Movant filed a Petition for Bill of Review in Cause No. 2017-CCL-00961 styled Laura A. Guerra d/b/a Cardenas Auto Sales v. Victor Hugo Tamayo in the County Court at Law No. 2, Cameron County, Texas on or about September 6, 2017. At that time Movant had no knowledge that this Bankruptcy case was pending.

11. On or about September 26, 2017 Movant appeared through her attorney and Debtor appeared through his then (and current) attorney Gerry Linan at a hearing in the Bill of Review case. Mr. Linan did not advise the Movant or the Judge of County Court at Law No. 2 that this Bankruptcy was pending.

12. On or about November 21, 2018, the judge of County Court at Law No. 2 signed an Order granting Movant's Petition for Bill of Review. A copy of that Order is attached as Exhibit "2."

13. On January 4, 2019, long after confirmation of the Debtors' Chapter 13 Plan, Debtors finally filed Amended Schedules disclosing the existence of the judgment. (ECF # 58.) Debtors' stated excuse for failing to disclose the judgment earlier was that they weren't sure the judgment was collectible.

14. On April 8, 2019, four and one-half months after the Order granting the Bill of Review was signed, Debtor filed a Notice of Bankruptcy with the County Court at Law No. 2 and a copy of the Bankruptcy Petition in this Bankruptcy case. This was the first time Movant or her attorney knew anything about the Bankruptcy case.

15. On or about May 20, 2019, Debtor filed a Motion to Dismiss the Bill of Review, Vacate the Order and Reinstate the original judgment of the Court. The alleged grounds for the Motion are that the filing of the Bill or Review violated the Automatic Stay of 11 USC §362.

16. Debtors' attorney Linan has threatened to bring contempt proceedings against Movant and her attorney for violation of the automatic stay.

17. The Debtors' proposed Chapter 13 plan provides that property of the Bankruptcy estate (including the judgment in the DTPA case) does not revest in the Debtor until the Debtor

is discharged. Nonetheless, the Debtor has attempted to exercise control over the judgment throughout the time the Bill of Review case was pending.

18. The Debtor's Motion to Dismiss the Bill of Review is still pending an unresolved.

## GROUNDS FOR RELIEF FROM STAY

19. Section 362 of the Bankruptcy Code imposes an automatic stay against certain actions, among which are:

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding <u>against the debtor</u> that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;"
11 U.S.C. §362(a)(1.)  (Emphasis added.)

20. Section 362(a)(1) only stays proceedings against the Debtor. *McMillan v. Mbank Fort Worth*, 4F.3rd 362 (U.S. App. - 5th Circuit, 1993.)

21. In determining whether a proceeding is against the debtor, and therefore subject to the automatic stay, the posture of the case is normally examined at the initial proceeding. *Id.* at 366.

22. The initial proceeding in this case was the DTPA case, Cause No. 2006-CCL-0053-B, in which Debtor was the Plaintiff.

23. A Bill of Review is an equitable proceeding to set aside a judgment after the time for filing a Motion for New Trial or an appeal has elapsed. Tex. R. Civ. Pro. 329(b) provides in part:

(f) On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316, and may also sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired.

24. A copy of Movant's Amended Petition for Bill of Review is attached as Exhibit "3." It is clear from the Petition that Movant was not asserting a claim of any kind against the Debtors; rather, Movant was continuing her efforts to defend herself from the Debtor's suit.

25. At the time the DTPA case began, Debtor was the Plaintiff, and Debtor continues to be the party seeking to enforce a claim. Consequently, the Bill of Review is not a proceeding against the Debtor, and is not subject to the automatic stay.

26. Without waiving the allegations contained above, in the event the Court determines the Bill of Review proceeding to be a violation of the Automatic Stay, Movant shows the Court that good cause exists to annul the Automatic Stay as to the proceedings in the Bill of Review case. Cause to annul the stay exists for the following reasons:

A. Debtors have waived the automatic stay or in the alternative are estopped from asserting a violation of automatic stay because the Debtors, with full knowledge of their own Bankruptcy filing, failed to inform Movant or the County Court at Law No. 2 of the Bankruptcy filing and of any issues related to the Automatic Stay until after County Court at Law No. 2 heard the case and made an adverse ruling against Debtors;

B. Considerations of judicial economy argue against having to re-litigate the Bill of Review proceeding once again in the same court, with the same evidence;

C. This Court does not have the authority to rule on the Bill of Review. This

Court's authority is derived from the authority of the Federal District Court, which does not have jurisdiction to set aside a judgment of a state court.

For all of these reasons, the Court should annul the automatic stay as to the proceedings in Cause No. 2017-CCL-00961, the Bill of Review case.

27. Without waiving the foregoing, cause exists to modify the Automatic Stay to permit Movant to respond to Debtors' Motion to Set Aside the Order Granting the Bill of Review and otherwise to continue with Cause No. 2017-CCL-00961, the Bill of Review Case. Cause exists to modify the automatic stay because:

   A. Movant is not seeking monetary relief against the Debtors;

   B. This Court does not have jurisdiction to decide the Bill of Review; and

   C. It would be unjust to prevent Movant from responding to Debtors' motions.

## PRAYER

Movant Laura A. Guerra requests the Court to:

1. Annul the automatic stay as to all actions taken in 2017-CCL-00961 now pending in the County Court at Law No. 2, Cameron County, Texas up to the date of the Court's order; and

2. Modify the automatic stay to permit Movant to continue proceedings in 2017-CCL-00961 now pending in the County Court at Law No. 2, Cameron County, Texas; or

3. Alternatively to issue an order determining that the prosecution of Cause No. 2017-CCL-00961 now pending in County Court at Law No. 2, Cameron County, Texas does not violate the automatic stay.

The undersigned certifies that on June 27, 2019, the undersigned conferred with Abelardo Limon, attorney for the Debtor, by electronic mail in an effort to resolve the matters raised by

this motion.  An agreement could not be reached, and it was necessary to file this Motion.

Date:   July 3, 2019

                                                LAW OFFICE OF ANDREW K. ROZELL

                                                By:      */s/Andrew K. Rozell*
                                                Andrew K. Rozell
                                                State Bar No. 17358000
                                                Southern District ID No. 1220
                                                Attorney for Movant

ADDRESS:

LAW OFFICE OF ANDREW K. ROZELL
323 E Jackson
Harlingen, TX 78550
956/428-1282 - telephone
956/428-6595 - facsimile
akrlawharlingen@gmail.com

## CERTIFICATE OF COMPLIANCE

     I certify that on the same date this document was filed, in addition to all persons served by the Court's CM?ECF system, I served a true and correct copy of the foregoing on the following persons:

| Abelardo Limon | Gerry Linan | Cindy Boudloche |
|---|---|---|
| alimon@limonlaw.com | geelinan@aoLc.om | ecfmail@ch13cctx.com |
| Attorney for Debtor | Attorney for Debtor | Chapter 13 Trustee |

by electronic mail and on the persons listed on the attached service list by first class mail.

                                                        */s/Andrew K. Rozell*
                                                       Andrew K. Rozell